SUSAN COLE ET AL. v. HARRY O. CALL AND J. WILLARD.

[See 77 Mich. 619.]

*Fraudulent conveyances—Bill of sale—Delivery.*

1. It is not necessary to discuss the very plain proposition that a paper may be placed in another's hands for examination, or other purposes, entirely independent of final delivery to pass title.

2. In this case it is held that there was enough testimony on the subject of whether title actually passed as between the parties to justify a negative verdict.

Error to Ingham. (Peck, J.) Argued January 7, 1890. Decided January 17, 1890.

Replevin. Plaintiffs bring error. Affirmed. The facts are stated in the opinion.

*Kilbourne & Humphrey*, for appellants.

*Q. A. Smith*, of counsel for appellants, contended:

1. The unexpressed intentions of the mind cannot change a lawful act into an unlawful one; citing *Estey v. Smith*, 45 Mich. 402.

2. A bill of sale is designed to show the transfer of the title; citing *Pickard v. McCormick*, 11 Mich. 75; *Trevidick v. Mumford*, 31 Id. 469; and there is no claim that the bill of sale in this case was intended as a mortgage, or anything less than a transfer of the title, hence the title passes; citing *Lampson v. Cummings*, 52 Mich. 491.

3. The verdict establishes the fact that the transaction between Jesse B. Cole and the plaintiffs passed the title to the property, for the jury find that the plaintiffs were the *general owners*. Cole, then transferred his property sufficiently to forever lose it to himself, and at a time when he had a perfect right to do so, yet it remained his sufficiently to be seized by one whose only right to levy is based upon Cole's title to the property. We are not left to analysis alone to show how untenable is such a proposition; citing *Alderman v. Manchester*, 49 Mich. 48.

4. That Kent was not a creditor, and cannot complain of Cole's disposition of his property, we cite *Hill v. Bowman*, 35 Mich. 191; *Post & Tribune Co. v. Reilly*, 46 Id. 459; *Brown v. Dean*, 52 Id. 267, at close of opinion.

*R. A. Montgomery*, for defendants, contended:

1. A voluntary conveyance to defeat the claim of third persons for damages arising from a tort, though not within our statute against fraudulent conveyances, is void at common law; citing *Fox v. Hills*, 1 Conn. 300; *Damon v. Bryant*, 2 Pick. 411, 414; *Jackson v. Myers*, 18 Johns. 425; *Lowry v. Pinson*, 2 Bailey (S. C.), 324; *Hall v. Sands*, 52 Me. 355.

2. If a party divests himself of his property with a view of contracting debts and defeating subsequent creditors, his conveyances are fraudulent and void; citing *Wood v. Savage*, 2 Doug. 316, 325; *Herschfeldt v. George*, 9 Mich. 456; *Brown v. Vandermeulen*, 44 Id. 523.

CAMPBELL, J. Plaintiffs brought replevin for certain personal property which defendants had levied on under a judgment for assault and battery rendered in March, 1888, against Jesse B. Cole, the husband of Susan Cole, and father of the other plaintiffs.

It appeared by the testimony introduced by plaintiffs that in January, 1888, the assault and battery suit, brought by one Kent, was pending, and had resulted in the disagreement of the jury. At that time Jesse B.

Cole owned a farm worth $8,000, and personalty worth $2,000. He, on that occasion, for the express purpose of preventing Kent from collecting any judgment, if he should recover one, went through the form of conveying his farm and his personalty to plaintiffs. The testimony showed that the conveyance of the land was not put on record till Kent recovered judgment. It also showed that after that judgment a copy of the bill of sale was filed in the town clerk's office. There was testimony showing that the grantor continued to conduct the farming business, but, as he claimed, as agent and adviser of his grantees. He says he took notes for $10,000 at the time of the execution of the papers, which were subsequently destroyed without payment.

When the case went to the jury, four questions were put, which they answered in the affirmative, to the effect that Cole, the grantor, owned the property on January 9, 1888, and on that day signed the bill of sale, and put it in the hands of plaintiffs, or some of them, and that his object was to prevent the collection of any judgment which Kent might recover. The jury found a general verdict against plaintiffs, and in favor of defendants, for the amount of their execution interest.

The rulings of the court below were all in favor of plaintiffs, except upon the single question whether Cole ever actually passed title to plaintiffs, and on that question the case was left to the jury, who found he did not.

The plaintiffs claim that the special findings are inconsistent with the general verdict. We do not think they are. Plaintiffs themselves presented those questions, which very carefully cover no more than the placing of the bill of sale in the hands, or in the possession, of the plaintiffs, or either of them. They did not ask whether the paper was delivered, or delivered to take immediate effect,

79 MICH.—11.

or for what purpose. It is not necessary to discuss the very plain proposition that a paper may be placed in another's hands for examination, or other purposes, entirely independent of final delivery to pass title. The jury, in finding that it was not delivered to pass title, necessarily found that the mere handling of the paper was for no such purpose. There is no conflict.

The circuit court held that if there was an actual intention to pass title in January, 1888, the plaintiffs would hold against the levy, no matter what may have been Cole's purpose of preventing the enforcement of the future judgment; and under this ruling the only remaining question would be whether there was any fact open to the jury as to whether title actually passed as between the parties.

We think there was enough testimony on the subject to make it a question of fact whether the whole thing was not a mere colorable family arrangement, to be discarded if no judgment should be rendered, and to be published and asserted if it should become necessary. It is not necessary to go into details, but we think it very clear that the jury had enough to act upon to justify their finding; and in the more than liberal treatment of plaintiffs by the circuit judge we see nothing to render any of the other questions presented of any importance.

As the jury found there was no transfer of title, we need not consider how far the circuit judge was right in holding that such an express purpose of avoiding a future judgment would not avoid the transaction; but we do not wish to be regarded as holding that so palpable and clear a design to cut off Kent's redress is within any of our previous decisions.

The judgment should be affirmed, with costs.

The other Justices concurred.